UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **SHAMAR SHELTON,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0283 AS |
| | ) | |
| **JOHN R. VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 28, 2006, *pro se* petitioner, Shamar Shelton, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 29, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding which involved an earned credit deprivation of 180 days and a credit class demotion from I to credit class II. Those sanctions implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). There was also a suspended 90-day term in disciplinary segregation pending a no A or B conduct report for six months and a 60-day loss of recreational privileges. These latter two sanctions do not implicate concern under *Wolff*. *See Sandin v. Conner*, 515 U.S.

472 (1995).  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). Looking at the designated WCC 05-05-0676, it appears that these proceedings were had at some location in this district.  This leaves his claim with reference to the right to review evidence, which is without merit.  This court does not bottom any decision here on harmless error.

It is of some moment that the sworn declaration of James Kimmel stands before this court without dispute.  For these various reasons, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  March 8, 2007

                                         S/ ALLEN SHARP
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**